UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEVIN RYAN MARESCA,

v.                                     Case No. 2:22-cr-108-VMC-DNF
                                                2:26-cv-104-VMC-DNF

UNITED STATES OF AMERICA.

_____/

## ORDER

On January 20, 2026, Devin Ryan Maresca, proceeding pro se, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 101) and a Motion for Authorization of Funds for Handwriting Expert pursuant to 18 U.S.C. § 3006A(e) (Civ. Doc. # 2). The United States of America moved to dismiss the 2255 Motion as untimely on February 23, 2026. (Civ. Doc. # 6). Mr. Maresca responded in opposition to the Motion to Dismiss on March 2, 2026. (Civ. Doc. # 8). For the reasons that follow, the Motion to Dismiss is granted, the 2255 Motion is dismissed as untimely, and the Motion for Authorization is denied as moot.

## I.    Background

After a jury trial in August 2023, Mr. Maresca was convicted of ten counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of aggravated identity theft, in

1

violation of 18 U.S.C. § 1028A(a)(1). (Crim. Doc. ## 1, 76). This Court sentenced Mr. Maresca to a term of imprisonment of 36 months and one day total, followed by a 36-month term of supervised release. (Crim. Doc. ## 87, 88). Judgment was entered on November 28, 2023. (Crim. Doc. # 88). Mr. Maresca did not appeal.

Mr. Maresca was released from imprisonment in July 2025 (Civ. Doc. # 6 at 2), but remains "in custody" for purposes of Section 2255 while he serves his term of supervised release. See United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) ("[A]s a person serving a term of supervised release, Brown was 'in custody' within the meaning of § 2255 when he filed his petition in the district court.").

Mr. Maresca mailed his 2255 Motion, asserting a claim of ineffective assistance of counsel based on counsel's failure to hire a handwriting expert, on January 16, 2026. (Civ. Doc. # 1 at 2; Civ. Doc. # 1-2). The Clerk received and docketed the Motion on January 20, 2026. (Civ. Doc. # 1; Crim. Doc. # 101). Mr. Maresca has also filed a Motion for Authorization of Funds for Handwriting Expert pursuant to 18 U.S.C. § 3006A(e), asking the Court to provide him funds to hire a handwriting expert so that he can establish his actual

2

innocence and prove his ineffective assistance of counsel claim. (Civ. Doc. # 2).

Now, the United States moves to dismiss the 2255 Motion as untimely. (Civ. Doc. # 6). Mr. Maresca has responded. (Civ. Doc. # 8). The 2255 Motion and the Motion to Dismiss are ripe for review.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a one-year statute of limitations applicable to § 2255 motions, which begins to run from, *inter alia,* 'the date on which the judgment of conviction becomes final.'" Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (quoting 28 U.S.C. § 2255). "In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires." Id.

In certain other circumstances, the one-year statute of limitations runs from (1) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

3

made retroactively applicable to cases on collateral review"; or (3) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)-(4).

Judgment was entered in this case on November 28, 2023. (Crim. Doc. # 88). Mr. Maresca had fourteen days — until December 12, 2023 — to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A). But Mr. Maresca did not file a notice of appeal. Thus, Mr. Maresca's judgment of conviction became final on December 12, 2023. "The limitation period started the next day, and the time to file a Section 2255 motion expired a year later" — on December 13, 2024. Salley v. United States, No. 8:19-cr-317-MSS-AEP, 2023 WL 3568618, at *1 (M.D. Fla. May 18, 2023). But Mr. Maresca did not file the instant 2255 Motion until January 20, 2026 — over a year after the deadline. (Civ. Doc. # 1; Crim. Doc. # 101). Thus, the 2255 Motion is untimely under Section 2255(f)(1).

Mr. Maresca attempts to avoid this conclusion. First, he argues that, under 28 U.S.C. § 2255(f)(2), the statute of limitations period should be calculated based on a later, unspecified date because of a government-created impediment. (Civ. Doc. # 8 at 2); see 28 U.S.C. § 2255(f)(2) (stating the limitation period may run from "the date on which the

4

impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"). He claims the U.S. Marshals lost his cellphone in December 2023 when Mr. Maresca was transferred from Charlotte County Jail to Glades County Jail. (Civ. Doc. # 8 at 2). When Mr. Maresca filed a motion for return of the cellphone, the United States acknowledged that it does not possess the cellphone and does not know where the cellphone is. (Crim. Doc. ## 91, 96, 97). Mr. Maresca asserts that the cellphone "contained critical text messages between" himself and his attorney "proving that [he] repeatedly demanded a handwriting expert before and during the August 2023 trial." (Civ. Doc. # 8 at 2). According to Mr. Maresca, "[b]y losing the device containing the primary evidence of counsel's deficient performance, the Government created a physical and evidentiary impediment that has hindered [Mr. Maresca's] ability to substantiate his claims." (Id.).

This argument fails. Section 2255(f)(2) does not apply here. As an initial matter, Mr. Maresca has not identified the date on which the supposed impediment created by the government was "removed." Thus, the Court cannot calculate on what date Mr. Maresca believes the statute of limitations

5

runs. In fact, it appears the supposed impediment was never removed. Mr. Maresca does not allege that the cellphone was ever found and returned to him, and the Court denied Mr. Maresca's motion for return of the cellphone because the United States does not possess it. (Crim. Doc. # 97).

Furthermore, the loss of the cellphone in December 2023 was not an impediment to timely filing a 2255 motion. Mr. Maresca's sole claim in his 2255 Motion relates to counsel's failure to hire a handwriting expert for trial. Mr. Maresca was aware of this failure before he was sentenced, and other evidence could be presented to support this claim. In fact, Mr. Maresca filed a sworn declaration along with his 2255 Motion, averring that he asked counsel to hire a handwriting expert multiple times but counsel failed to do so. (Civ. Doc. # 3). He also filed copies of emails between himself and counsel from November 2023 to support that he had asked for a handwriting expert. (Civ. Doc. # 3-1). Nothing prevented Mr. Maresca from timely filing his 2255 Motion with only these items as supporting evidence. Even assuming text messages from the cellphone would have strengthened Mr. Maresca's ineffective assistance of counsel argument, such cellphone was not necessary for Mr. Maresca to prepare his 2255 Motion about the alleged ineffective assistance.

6

Next, Mr. Maresca argues that he is actually innocent such that he should be permitted to bypass the statute of limitations bar. (Civ. Doc. # 8 at 1-2). "Notwithstanding AEDPA's statute of limitations, it has been recognized that an untimely habeas petition can be overcome — thereby opening the door to review — through a credible showing of actual innocence." Ware v. United States, No. 2:20-cv-326-WKW-JTA, 2022 WL 17332583, at *3 (M.D. Ala. Oct. 17, 2022) (citing McQuiggin v. Perkins, 569 U.S. 383, 393-94 (2013)), report and recommendation adopted, No. 2:20-cv-326-WKW, 2022 WL 17324585 (M.D. Ala. Nov. 29, 2022). A petitioner asserting actual innocence must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The Supreme Court has explained that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence* — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial. Because such evidence is obviously

> unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup, 513 U.S. at 324 (emphasis added).

Mr. Maresca has failed to make a credible showing of actual innocence. He has not presented any new evidence to support his actual innocence claim. The only "new evidence of innocence" he identifies is not new at all: his brother's testimony during trial. (Civ. Doc. # 8 at 1).

Likewise, Mr. Maresca's pure speculation that some handwriting expert would conclude that he did not forge his brother's signature on checks is not new evidence. See Hammond v. Patterson, No. 1:12-cv-935-TMH, 2014 WL 2617276, at *3 (M.D. Ala. May 20, 2014) ("Hammond neither references nor presents any *actual* 'new reliable evidence' to establish his innocence as a matter of fact. Consequently, he falls short of the showing necessary to fit within the actual-innocence exception under Schlup. His claim of actual innocence is based on the speculative possibility that DNA testing of evidence might reveal potentially exculpatory evidence."), report and recommendation adopted, No. 1:12-cv-935-TMH, 2014 WL 2616212 (M.D. Ala. June 11, 2014); Fox v. Pineiro., No. 1:23-cv-5327-MLB-JCF, 2024 WL 6982276, at *4 (N.D. Ga. Dec. 11, 2024) ("[B]ecause results of any latent fingerprint analysis are

8

not actually in Petitioner's possession or in the record before this Court, Petitioner's assertions about what such evidence could show are entirely speculative, and speculation does not satisfy Petitioner's high burden of proving his actual innocence."); Mancill v. Terry, No. 1:06-cv-0280-TCB-AJB, 2009 WL 10711206, at *8 (N.D. Ga. July 25, 2009) ("Unidentified evidence, of course, cannot be considered in determining whether Petitioner meets the actual innocence standard."), report and recommendation adopted, No. 1:06-cv-280-TCB-AJB, 2009 WL 10711208 (N.D. Ga. Aug. 31, 2009).

Mr. Maresca's pending Motion seeking funds for a handwriting expert under 18 U.S.C. § 3006A(e) does not alter this conclusion. (Civ. Doc. # 2). His reliance on Section 3006A of the Criminal Justice Act is misplaced because this section "applies to the appointment of an expert in the trial and sentencing of indigent defendants and makes no mention of § 2255." Grantz v. United States, No. 1:19-cr-459-1, 2025 WL 1693822, at *1 (M.D.N.C. June 17, 2025), appeal dismissed, No. 25-6704, 2025 WL 3772087 (4th Cir. Dec. 31, 2025); see also 18 U.S.C. § 3006A(c) & (e) ("A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal . . . .

Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application."). In short, Section 3006A "does not apply to collateral challenges." United States v. Rose, No. CR418-260, 2020 WL 1816472, at *1 n.1 (S.D. Ga. Apr. 9, 2020). Besides his unavailing citation to Section 3006A, Mr. Maresca "provides no authority for the provision of an expert in the context of a § 2255 motion in a non-capital case." Grantz, 2025 WL 1693822, at *1. "Moreover, even if the Court had authority to appoint a [handwriting] expert here, it would not do so" because the Court does not have sufficient reason to believe that a handwriting expert would provide exculpatory evidence. Id.

Finally, Mr. Maresca maintains the statute of limitations should be equitably tolled "because he has pursued his rights diligently while facing 'extraordinary circumstances.'" (Civ. Doc. # 8 at 2). According to Mr. Maresca, his circumstances are extraordinary because he "was remanded immediately" after trial and "subsequently transported to eight [] different institutions in less than 21 months." (Id.). He contends that "[t]his constant upheaval, combined with the loss of his legal property by the

10

U.S. Marshals, constitutes an extraordinary circumstance far beyond the 'routine' hardships of prison life." (Id.). He insists that he "has been a relentless litigator of his own rights" and exercised diligence. (Id. at 2-3).

Mr. Maresca is not entitled to equitable tolling. "Because equitable tolling is an extraordinary remedy, it is limited to rare and exceptional circumstances and typically applied sparingly." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation and internal quotation marks omitted). "The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (citation omitted). Courts in the Eleventh Circuit "have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." Perez v. Fla., 519 F. App'x 995, 997 (11th Cir. 2013). "As with any litigant, pro se litigants 'are deemed to know of the one-year statute of limitations.'" Id. (citation omitted).

Mr. Maresca's frequent transfers between institutions do not constitute an extraordinary circumstance warranting

11

equitable tolling. The Eleventh Circuit has held that a petitioner's multiple prison transfers, including a transfer to an out-of-state prison and subsequent transfers that separated petitioner from his legal papers and a law library, did not qualify as an exceptional circumstance for equitable tolling purposes. See Hess v. Sec'y, Dep't of Corr., No. 16-14118-E, 2017 WL 6607169, at *3 (11th Cir. Oct. 18, 2017) ("Because this Court has held that lockdowns and separations from legal papers, as well as pro se status and ignorance of the law, cannot constitute such extraordinary circumstances, it follows that Hess's transfer to Colorado prison, and his subsequent transfers between institutions, are not extraordinary circumstances."). Mr. Maresca has not shown that his multiple transfers were anything other than routine nor sufficiently explained why these transfers prevented him from timely filing his 2255 Motion. See Richardson v. United States, No. 3:19-cr-163-BJD-SJH, 2026 WL 352948, at *3 (M.D. Fla. Feb. 9, 2026) (rejecting equitable tolling argument where petitioner "fail[ed] to show that his transfers were 'anything other than routine,' nor [did] he explain how they prevented him from timely seeking relief under § 2255"); Neal v. McNeil, No. 3:09-cv-23/MCR/EMT, 2010 WL 298294, at *8 (N.D. Fla. Jan. 15, 2010) ("[I]nstitutional transfers, periods of

12

confinement under more restrictive conditions than general population, and lack of ready access to legal paperwork and law libraries are not 'extraordinary circumstances'; they are usual incidents of prison life.").

The loss of Mr. Maresca's cellphone and the evidence contained in it, which is akin to separation from legal papers on which a petitioner would rely in drafting a 2255 motion, is also not an extraordinary circumstance that prevented Mr. Maresca from timely filing his 2255 Motion. See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) ("[L]ockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."), aff'd, 545 U.S. 353 (2005). As discussed previously, the loss of the cellphone did not prevent Mr. Maresca from filing a 2255 motion earlier. His claim relates to counsel's failure to hire a handwriting expert, a fact of which he was aware well before the statute of limitations ran. (Civ. Doc. # 3; Civ. Doc. # 3-1). Although he never got the cellphone back, he was still able to draft his 2255 Motion and provide other supporting evidence that was available within the statute of limitations. With due diligence, Mr. Maresca could have filed his 2255 Motion within

13

the statute of limitations despite the prison transfers and cellphone loss.

The United States's Motion to Dismiss is granted and Mr. Maresca's 2255 Motion is dismissed as untimely. Additionally, Mr. Maresca's Motion for Authorization of Funds for Handwriting Expert pursuant to 18 U.S.C. § 3006A(e) (Civ. Doc. # 2) is denied as moot.

## III. **Evidentiary Hearing**

As the Court readily determined that Mr. Maresca's Motion was untimely, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

## IV. **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

The Court declines to issue a certificate of appealability because Mr. Maresca has failed to make a substantial showing of the denial of a constitutional right

14

as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Maresca to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Maresca shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  The United States of America's Motion to Dismiss (Civ. Doc. # 6) is **GRANTED.**

(2)  Devin Ryan Maresca's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 101) is **DISMISSED** as untimely.

(3)  The Motion for Authorization of Funds for Handwriting Expert pursuant to 18 U.S.C. § 3006A(e) (Civ. Doc. # 2) is **DENIED** as moot.

(4)  The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of April, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

15